JUDGE GARDEPHE                    '08 CIV 8341

(PGG)

ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— X

THE NEW YORK TIMES COMPANY,                        :
 And RON NIXON,                                     :
                                                    :
                              Plaintiffs,           :          Index No.
                                                    :
                                                    :          **COMPLAINT**
            - against -                           , :
                                                    :
UNITED STATES DEPARTMENT OF                         :
TREASURY,                                           :
                                                    :
                                                    :
                              Defendant.            :
—————————————————————————— X

Plaintiffs The New York Times Company and Ron Nixon (jointly,

"NYT"), by its undersigned attorney, allege for their Complaint:

## THE PARTIES

1.    Plaintiff The New York Times Company is publisher of The New

York Times ("The Times"), which has a daily circulation of about 1.1 million copies and

a Sunday circulation of about 1.6 million, with readers across the U.S.  It is headquartered

in this judicial district at 620 Eighth Avenue, New York, N.Y.

2.    Plaintiff Ron Nixon is a reporter for The Times.

3.    Defendant United States Department of Treasury (the

"Department") is an agency of the federal government.  Among its many functions, it

regulates the activities of U.S. citizens and corporations wishing to do business or engage

Dockets.Justia.com

in other transactions with countries that are subject to trade sanctions by the United States.

4.     One of the Department's operating units is the Office of Foreign Assets Control, which administers licenses (the "OFAC Licenses") for those seeking to conduct business or engage in other activities with sanctioned nations.

## JURISDICTION

5.     This action arises under 5 U.S.C. § 552 et seq. (the "Freedom of Information Act" or "FOIA"). This Court has jurisdiction of this action under 5 U.S.C. § 552(a)(4)(B).

## VENUE

6.     Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

7.     This action arises from the failure of the Department to disclose certain documents in response to requests made by NYT pursuant to FOIA.

8.     On or about December 19, 2007, the NYT made a request (the "Request") for the database of individuals and companies with OFAC Licenses, including record layouts and codesheets.

9.     On or about February 4, 2008, the Department acknowledged the Request but provided no documents.

10.    In a subsequent communication on February 4, 2008, the Department informally advised the NYT that some of the material in the database pertaining to individuals would be exempt from disclosure under the personal privacy

exemption of FOIA, but the Department did not provide the NYT with a formal denial, either in full or in part, of the Request.

11.    The Department has repeatedly told the NYT that large portions of the database must be disclosed under FOIA.

12.    As of this date, the Department has neither provided materials responsive to the Request nor issued a denial of the Request.

## COUNT I

13.    NYT repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

14.    The Department, as an agency subject to FOIA, must release in response to a FOIA request any disclosable documents in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

15.    Under 5 U.S.C. § 552(a)(6)(A), the Department was required to provide documents or issue a denial within 20 business days of receiving the Request.

16.    Under 5 U.S.C. § 522(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

17.    Accordingly, NYT is deemed to have exhausted its administrative remedies as to the Request, and this Court has jurisdiction to hear this matter.

18.    The Department has asserted no lawful basis under FOIA for withholding the materials sought by the Request.

19.    The Department's failure to provide these materials violates FOIA.

20.    NYT is entitled to an order compelling the Department to produce these materials.

WHEREFORE, NYT respectfully requests that this Court enter judgment on its behalf:

a.    declaring that the materials sought by the Request are public under FOIA;

b.    directing the Department to provide those materials to NYT within 20 business days of the Court's order;

c.    awarding to NYT the costs of this proceeding, including reasonable attorney's fees; and

d.    granting to NYT such other and further relief as this Court deems just and appropriate.

Dated:  New York, New York
        September 29, 2008

_____
David E. McCraw (DM7708)

The New York Times Company
Legal Department
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Facsimile: (212) 556-1009
e-mail: mccraw@nytimes.com

ATTORNEY FOR PLAINTIFFS